[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION
CT Page 7167
Subsequent to a jury trial, the defendant, Gabriel Gladstone, was convicted on April 13, 1998, on all counts of a three count information filed by the State's Attorney for the judicial district of New Haven. Count one charged the defendant with promoting prostitution in the second degree in violation of General Statutes § 53a-87 (a)(1); count two charged conspiracy to promote prostitution in violation of General Statutes §§ 53a-87 (a)(l) and 53a-48 (a); and count three charged the defendant with violating the Corrupt Organizations and Racketeering Activity Act, General Statutes § 53-395 (c). Prior to disposition, the defendant, who had been released on bond throughout the proceedings, absconded. On June 10, 1998, the defendant was sentenced, in absentia, to ten years incarceration on count one, and fined $10,000.00; ten years incarceration on count two to run concurrently with count one, and fined $10,000.00; and ten years incarceration on count three to run consecutively to counts one and two, and fined $25,000.00, for a total effective sentence of twenty years incarceration and $45,000.00 in fines.
On June 19, 2000, the defendant filed a motion for modification of his sentence pursuant to General Statutes § 53a-39 (b) which provides:
 At any time during the period of a definite sentence of more than three years, upon agreement of the defendant and the state's attorney to seek review of the sentence, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced.
On November 28, 2000, the state's attorney concurred with the defendant's request to seek review of the sentence and on December 20, 2000, a hearing on the defendant's motion was held. At the hearing, the state's attorney took no position as to whether the sentence should be reduced. The parties were given until January 31, 2001 to file additional materials and/or briefs. In his supporting papers and at the hearing, the defendant advanced a number of reasons to support his modification request, most of which do not merit a reduction of sentence. The court finds that the defendant's age, health, family situation, and the factual background and sentence on the very serious charges of which the defendant was convicted by a jury do not constitute good cause sufficient to warrant a reduction of his sentence pursuant to General Statutes § 53a-39 (b). CT Page 7168
However, the submissions evidencing the defendant's cooperation with law enforcement authorities do constitute good cause to reduce the defendant's sentence.
The Chief of Police of the Windsor, Connecticut, Police Department submitted a letter outlining the defendant's cooperation in an ongoing investigation concerning a woman and her daughter who were "brutally murdered" in that town. In addition, a Senior Assistant State's Attorney for the Statewide Prosecution Bureau of the Office of the Chief State's Attorney submitted a letter concerning the cooperation of the defendant, including testimony at the hearing in probable cause in State v. GregoryMcArthur, a murder prosecution currently pending in the judicial district of Hartford. The victim in McArthur, Anne Marie Cusano, was a part-time escort, working on a "date" arranged by the defendant when she disappeared on January 3, 1998. Her skeletal remains ultimately were located on September 20, 2000. The Senior Assistant State's Attorney describes the defendant as "helpful, cooperative and truthful" in that prosecution.
This court is mindful that the "employees" of the defendant tend to meet brutal, untimely demises while plying their trade. See State v.Sivri, 231 Conn. 115, 117-25 (1994). Moreover, not lost on the court is the irony that the defendant exploited his women employees by acting as the conduit for the selling of their bodies and reaping substantial profits therefrom, and now seeks to profit again from them by having his prison sentence reduced for providing information concerning the murder of one of them while actually working for him.
Notwithstanding the foregoing, this court believes that the defendant should be given consideration, given his cooperation with law enforcement authorities in the murder investigations and prosecution. This court has "wide discretion as to the source and types of information used to assist it in determining the sentence to be imposed within the limits set by law." State v. McNellis, 15 Conn. App. 416, 445 (1988). In analogous situations, the Federal Rules of Criminal Procedure provide that a defendant's sentence may be reduced to "reflect [the] defendant's subsequent, substantial assistance in the investigation or prosecution of another person." Fed.R.Crim.P. 35(b).
Based on the foregoing, the defendant's motion for sentence modification is granted as follows:
 (1) On count one of the information on which the defendant was convicted which charged promoting prostitution in the second degree, the defendant CT Page 7169 is ordered committed to the custody of the Commissioner of Corrections for six years, and ordered to pay a fine of $10,000.00;
 (2) On count two of the information which charged conspiracy to promote prostitution in the second degree, the defendant is ordered committed to the custody of the Commissioner of Corrections for a period of six years to run concurrently with the sentence imposed in count one, and ordered to pay a fine of $10,000.00;
 (3) On count three of the information which charged a violation of the Corrupt Organization and Racketeering Activity Act, the defendant is ordered committed to the custody of the Commissioner of Corrections for a period of seven years to run consecutively to the sentences imposed on counts one and two, and ordered to pay a fine of $25,000.00;
 (4) The total effective sentence is that the defendant is ordered committed to the custody of the Commissioner of Corrections for a period of thirteen years, and ordered to pay fines totaling $45,000.00.
So ordered.
Michael Harmere, Judge.